21-2080-cv
*Farmington Village Dental Associates, LLC v. Cincinnati Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> > *Circuit Judges*.

---

FARMINGTON VILLAGE DENTAL
ASSOCIATES, LLC,

> *Plaintiff-Appellant*,

v.                                                           21-2080-cv

CINCINNATI INSURANCE COMPANY,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | R. CORNELIUS DANAHER, JR. (Thomas J. Plumridge, *on the brief*), Danaher Lagnese, P.C., Hartford, CT (Allan Kanner, Kanner and Whiteley, L.L.C., New Orleans, LA, *on the brief*). |
| For Defendant-Appellee: | DANIEL G. LITCHFIELD (Alan I. Becker, Laurence J.W. Tooth, Kathleen F. Adams, *on the brief*), Litchfield Cavo LLP, Chicago, IL. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Farmington Village Dental Associates, LLC ("Farmington Village") appeals from a final order entered by the district court on August 24, 2021, dismissing with prejudice Farmington Village's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Farmington Village brought an action against Defendant-Appellee Cincinnati Insurance Company ("Cincinnati") asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and deceptive business practices under Conn. Gen. Stat. §§ 38a-816 and 42-110b(a), all based on Cincinnati's allegedly improper denial of insurance coverage for certain business losses resulting from COVID-19 and related government restrictions. We assume the parties' familiarity with the record.

We review *de novo* a district court's dismissal under Rule 12(b)(6). *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). On appeal, we address whether, under Connecticut law (which the parties agree governs here), Farmington Village experienced a "direct 'loss'" within the meaning of its all-risk insurance policy with Cincinnati when COVID-19-related executive orders issued by the Governor of Connecticut forced Farmington Village to suspend or reduce business at its dental practice (the insured premises). App'x at 55. Under the policy, "'[l]oss' means accidental physical loss or accidental physical damage." *Id.* at 88.

Farmington Village faults the district court for making a "sweeping conclusion of law" that, under Connecticut law, "losses due to a property's inoperability without any physical loss or damage to the property itself are not recoverable with this type of property insurance coverage." Appellant's Br. at 7 (internal quotation marks omitted). Farmington Village argues that the case upon which the district court primarily relied—*Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760 (2013)—did not extend so far, and accordingly does not foreclose its argument that "accidental physical loss or accidental physical damage" does not require physical damage to property, thereby making COVID-19's impacts on Farmington Village's dental practice—loss of income and inability to use the property as intended—a covered "direct 'loss.'" Regardless of how far *Capstone* extends, it provides a sound basis to predict how the Connecticut Supreme Court would resolve the issue here.

To be sure, under Connecticut law, "whether an insured party makes a viable claim for property damage is a highly fact-dependent determination in each case." *Capstone*, 308 Conn. at 778. But *Capstone* makes clear that under certain policy definitions, the alleged loss of use of property will be insufficient for a plaintiff to obtain coverage if the plaintiff has failed to allege *physical* damage. In *Capstone*, the Connecticut Supreme Court concluded that under the plain language of the applicable general liability policy, the escape of carbon monoxide did not, without more, constitute a "physical injury to tangible property" because it caused no "physical, tangible alteration to any property." *Id.* at 782–83 (internal quotation marks omitted) (finding persuasive the New Hampshire Supreme Court's reasoning on the same issue). Here, as in *Capstone*, the

policy language unambiguously requires that loss or damage be *physical*; accordingly, Farmington Village's deprivation of the use and benefits of its property is not enough to trigger coverage. Further, Farmington Village's allegations that SARS-CoV-2 causes physical loss or physical damage to its property by way of its transmissibility through physical particles in the air and on surfaces fail to allege how the presence of those virus-transmitting particles *tangibly* alter or impact the property.

*     *     *

We have considered Farmington Village's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Farmington Village's motion to certify.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3